UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

# CIVIL MINUTES - GENERAL

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers): **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** (filed 09/19/07)

## I.  INTRODUCTION

On June 29, 2007, plaintiff filed a complaint in the Los Angeles County Superior Court against defendants, The Salvation Army ("Salvation Army"), Steven Bradley ("Bradley"), and Does 1 through 50, inclusive.  Plaintiff alleges that, after being on medical leave, he returned to his job with Salvation Army in reliance on Salvation Army's representations that he would be allowed to keep his previous job and that he would be reasonably accommodated for his physical disability.  Plaintiff alleges that despite these representations, Salvation Army required him to perform functions involving physical exertion that he had not previously performed.  Plaintiff alleges that although he was capable of performing the essential functions of his job, Salvation Army terminated his employment.

On August 13, 2007, defendants timely removed the action to this Court, pursuant to 28 U.S.C. §§ 1331 and 1441.  On August 17, 2007, plaintiff filed a first amended complaint ("FAC") in which he alleges claims against defendants for (1) discrimination in violation of public policy, predicated on violations of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(b)(1), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and the California Fair Employment and Housing Act, California Government Code § 12940(a); and (2) intentional infliction of emotional distress.  Additionally, the FAC alleges claims against Salvation Army for (3) disability discrimination, in violation of the ADA, 42 U.S.C. §§ 12112 et seq.; (4) age discrimination, in violation of the ADEA, 29 U.S.C. § 623(a) et seq.; (5) breach of implied contract of continued employment; and (6) breach of the implied covenant of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

good faith and fair dealing. On August 30, 2007, plaintiff stipulated to dismiss Bradley without prejudice as a party defendant on the claim for discrimination in violation of public policy.

On September 19, 2007, defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, defendants request that the Court take judicial notice of certain documents filed by defendants.[1] On November 5, 2007, plaintiff filed an opposition thereto, as well as a separate request for judicial notice.[2] Defendants filed a reply on November 13, 2007. Concurrently therewith, defendants

---

[1] Defendants request that the Court judicially notice the following documents: (1) Salvation Army's certificate of status domestic corporation, filed with the California Secretary of State; (2) Salvation Army's certificate of amendment of articles of incorporation, filed with the California Secretary of State; (3) the California Department of Corporations' order designating Salvation Army as an exempt organization; (4) a determination of the California Division of Fair Employment Practices that Salvation Army is exempt from the Fair Employment Practices Act; (5) an exempt letter of good standing from the California Franchise Tax Board; (6) the United States Internal Revenue Service's January 21, 2003 determination that Salvation Army is exempt from taxes; (7) California Department of Fair Housing and Employment Internal Directive 213, dated September 18, 2000; (8) plaintiff's complaint, filed on October 19, 2007, in Los Angeles County Superior Court, Case No. NC039021; and (9) plaintiff's request for dismissal, filed in Los Angeles County Superior Court, Case No. NC039021. Defendants' Request for Judicial Notice ("Def's RJN"), Exs. A-I. The Court may take judicial notice of matters of public record outside the pleadings without converting the instant motion to dismiss into a motion for summary judgment. See MGIC Indem. Corp. v. Wesman, 803 F.2d 500, 503 (9th Cir. 1986). The Court GRANTS the request.

[2] Plaintiff requests that the Court judicially notice the worksharing agreement between the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission for Fiscal Year 2006. Plaintiff's Request for Judicial Notice ("Pl.'s RJN"). Ex. A. The Court GRANTS the request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

filed a supplemental request for judicial notice.[3]

On November 14, 2007, with leave of the Court, plaintiff filed a sur-reply, along with a further request for judicial notice.[4]

A hearing was held on November 19, 2007, at which time the Court granted defendants leave to file supplemental papers. Defendants filed said papers on November 26, 2007, and the Court took the matter under submission. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.  LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington,

---

[3] Defendants request that the Court judicially notice the following documents: (1) plaintiff's complaint of discrimination, filed with the DFEH; (2) the notice of case closure and right-to-sue notice issued to plaintiff; (3) the DFEH's "Right-to-Sue Notice" instructions. Defendants' Supplemental Request for Judicial Notice ("Def's Supp. RJN"), Exs. A-C. The Court GRANTS the request.

[4] Plaintiff requests that the Court judicially notice a DFEH notice to complainant and resopndent, dated April 3, 2007. Plaintiff's Request for Judicial Notice in Support of Plaintiff's Sur-Reply ("Pl.'s Supp. RJN"), Ex. A. The Court GRANTS the request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  FACTUAL BACKGROUND

Plaintiff alleges that he was employed at Salvation Army as a "property project coordinator" until February, 2005, when he suffered a cerebral stroke and went on medical leave from his job. First Amended Complaint ("FAC") at ¶¶ 7, 9. Plaintiff alleges that, as a result of the stroke, he became physically and/or mentally disabled, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

that his walking and lifting abilities became substantially limited. Id. at ¶ 9.

Plaintiff alleges that; in February, April, and May, 2006; representatives of Salvation Army represented to him that he could return to his previous position at Salvation Army and that he would be assigned a work schedule that accommodated plaintiff's physical limitations. Id. at ¶¶ 10. Plaintiff alleges, however, that when he returned to work on or about May 22, 2006, he was assigned the job title "property project facilitator," a position that required him to perform the responsibilities of his former job, in addition to functions that he had not previously been required to perform. Id. at ¶ 12. Plaintiff alleges that the job description for this position required "occasionally sitting, squatting, crawling, reaching above shoulder level and twisting (neck and waist) up to three hours . . . occasionally lifting 11-25 pounds . . .[and] constant bending from the waist from six to eight hours a day." Id. at ¶ 13.

Plaintiff alleges that although he was able to perform the essential functions of his job and met the job requirements, Salvation Army terminated his employment on July 28, 2006. Id. at ¶ 15. Plaintiff alleges that Salvation Army did not provide him with reasonable accommodation, despite plaintiff's request for such accommodation. Id. at ¶¶ 15-16.

Plaintiff alleges that at the time of his termination he was 60 years old and that Salvation Army replaced plaintiff with a younger employee, who was equally or less qualified for the position than was plaintiff. Id. at ¶¶ 15, 18. Plaintiff alleges that Salvation Army, and Bradley in particular, terminated his employment because of his disability and because of his age, and thereby discriminated against him. Id. at ¶¶ 19-20, 21.

Plaintiff alleges that on August 7, 2006, plaintiff filed a charge of discrimination based on physical disability with the California Department of Fair Employment and Housing ("DFEH"). Id. at ¶ 23; Notice to Federal Court of Removal of Civil Action ("Removal Notice"), Ex. A. On August 30, 2006, the DFEH issued to him a right to sue notice. Id. at ¶ 23; Notice to Federal Court of Removal of Civil Action ("Removal Notice"), Ex. A. Plaintiff alleges that on March 27, 2007, he filed a charge for disability and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). Id. at ¶ 24; Removal Notice, Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

**IV.  DISCUSSION**

    **A.  Plaintiff's Claim for Disability Discrimination in Violation of the ADA**

    To maintain an action under the ADA, a plaintiff must first file a timely charge of discrimination with the EEOC.  42 U.S.C. § 12117(a) (incorporating Title VII's administrative and enforcement procedures, set forth at 42 U.S.C. § 2000e); Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir. 2000).  Under 42 U.S.C. § 2000e-5(e)(1), a plaintiff generally must file a charge with the EEOC within 180 days of the last alleged act of discrimination.  However, if a plaintiff first institutes proceedings with a "State or local agency with authority to grant or seek relief from such practice," he or she may file a charge with the EEOC within 300 days.  42 U.S.C. § 2000e-5(e)(1).

    Plaintiff first filed his disability discrimination charge with the DFEH, which EEOC regulations designate as a Fair Employment Practice ("FEP") agency.  29 C.F.R. § 1601.74(a).  EEOC regulations provide that

> [a] jurisdiction having a FEP agency without subject matter jurisdiction over a charge (e.g., an agency which does not cover sex discrimination or does not cover nonprofit organizations) is equivalent to a jurisdiction having no FEP agency.  Charges over which a FEP agency has no subject matter jurisdiction are filed with the Commission upon receipt and are timely filed if received by the Commission within 180 days from the date of the alleged violation.

29 C.F.R. § 1601.13(a)(2).  Thus, the 180-day time limit applies where the State or local FEP agency lacks subject matter jurisdiction over a charge.  McDonald v. Grace Church Seattle, 457 F.3d 1079, 1082 (9th Cir. 2006).

    Defendants argue that plaintiff's claim for disability discrimination, in violation of the ADA, is barred because plaintiff failed to exhaust his administrative remedies with the EEOC within the 180-day filing period.  First, the parties agree that the last alleged act of discrimination in this action occurred on July 28, 2006, the day that Salvation Army terminated plaintiff's employment.  Thus, defendants contend, while plaintiff's filing with the DFEH occurred 10 days after the last alleged violation, his March 27,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

2007 filing with the EEOC occurred 242 days after this event.

Next, defendants argue that plaintiff may not invoke the 300-day filing deadline provided for in 42 U.S.C. § 2000e-5(e)(1). Defendants contend that nonprofit religious organizations, including Salvation Army, are not "employers" within the meaning of the DFEH's enabling statute, the California Fair Employment Housing Act ("FEHA"), and therefore, are exempt from FEHA's coverage. Cal. Gov. Code § 12926(d); Def's RJN A-H (showing that Salvation Army is a nonprofit religious organization). Consequently, defendants argue, the DFEH lacks subject matter jurisdiction over FEHA charges alleged against nonprofit religious organizations, including the discrimination charge that plaintiff alleged against Salvation Army. Because the DFEH lacked subject matter jurisdiction over plaintiff's discrimination charge against Salvation Army, defendants maintain, the filing of this charge did not trigger the 300-day filing deadline set forth in 42 U.S.C. § 2000e-5(e)(1). 29 C.F.R. § 1601.13(a)(2). Instead, defendants argue, the

180-day deadline applies, and because plaintiff did not meet this deadline, his claim under the ADA is barred.

Defendants rely on McDonald v. Grace Church Seattle, 457 F.3d 1079 (9th Cir. 2006). In McDonald, the district court had dismissed the plaintiff's Title VII claims because she had failed to file her charges with the EEOC within the 180-day filing deadline. Id. at 1079. In affirming the dismissal, the court rejected the plaintiff's argument that the 300-day filing deadline should apply because she had filed an administrative charge with the Washington State Human Rights Commission. Id. at 1082, 1085. Although the EEOC designated the Human Rights Commission as a FEP agency, because the defendants were exempt from state employment discrimination charges, by virtue of their status as nonprofit religious organizations, the court held that the Human Rights Commission lacked subject matter jurisdiction over the plaintiff's employment discrimination charge. Id. at 1085, 1088. Because the Human Rights Commission lacked subject matter jurisdiction, the court held that, pursuant to 29 C.F.R. § 1601.13(a)(2), the 180-day filing deadline applied, notwithstanding the fact that the plaintiff had filed a charge with this state agency. As a result, the plaintiff's Title VII claims were barred. Id. at 1088. Like in McDonald, defendants contend, the DFEH lacked subject matter jurisdiction over plaintiff's discrimination charge because Salvation Army is a nonprofit religious organization, and therefore, the 180-day filing deadline also applies in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

Plaintiff responds that when he filed his charge with the DFEH, a worksharing agreement was in effect between the DFEH and the EEOC ("the DFEH-EEOC agreement") that operated to make the filing of his charge a "constructive filing" with the EEOC. Pl.'s RJN, Ex. A. Consequently, plaintiff argues that the Court should deem plaintiff to have filed his charge with the EEOC within the 180-day filing deadline.

Title VII authorizes the EEOC to enter into such worksharing agreements with state and local agencies, authorizing these agencies to receive discrimination charges and complaints on behalf of the EEOC. 42 U.S.C. § 2000e-8(b); Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1175-76 (9th Cir. 1999); Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1476 (9th Cir. 1989) (plaintiff's charge was deemed received by the EEOC when her charge was filed with the DFEH because the worksharing agreement designated the DFEH as the EEOC's agent for the purpose of receiving charges). A constructive filing arrangement between the DFEH and the EEOC is apparent on the face of the DFEH-EEOC agreement. Section II.A. of the DFEH-EEOC agreement provides that "to facilitate the assertion of employment rights, the EEOC and the [DFEH] each designate the other as its agent for the purpose of receiving and drafting charges, including those that are not jurisdictional with the agency that initially receives the charges." Pl.'s RJN, Ex. A, 2. Additionally, section II.B. provides that "[t]he [DFEH] shall take all charges alleging a violation of Title VII, ADEA, EPA, or the ADA where both the [DFEH] and EEOC have mutual jurisdiction, *or where EEOC only has jurisdiction*, so long as the allegations meet the minimum requirements of those Acts." Id. (emphasis supplied).

Defendants argue that the DFEH-EEOC agreement is not "controlling legal authority" or otherwise "binding." Reply at 6. This argument is unavailing, however, because plaintiff does not argue that the DFEH-EEOC agreement supercedes the relevant statutory and Ninth Circuit authorities. Rather, a finding that the DFEH-EEOC agreement renders plaintiff's complaint to the DFEH a constructive filing with the EEOC is consistent with McDonald and the other cases cited by defendants. See Sacred Heart Medical Center, 2005 U.S. Dist. LEXIS 44272, *10-11 (E.D. Wash. 2005); Krause v. Sonora Community Hosp., 1997 U.S. Dist. LEXIS 929, *5 (E.D. Cal. 1997); De Armas v. Roman Catholic Bishop, 1992 U.S. Dist. LEXIS 2527, *4, n.2 (D. Cal. 1992). None of these cases considered whether an existing worksharing agreement between the applicable state agency and the EEOC operated to make a plaintiff's complaint to the state agency a constructive filing with the EEOC. These cases stand for the proposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

that the longer 300-day deadline for filing a charge with the EEOC is unavailable to a plaintiff who files a charge with a state agency lacking subject matter jurisdiction over the charge. In this case, by contrast, if plaintiff's complaint to the DFEH is deemed a constructive filing with the EEOC by virtue of the DFEH-EEOC agreement, whether the 300-day deadline applies would be irrelevant because, for the purposes of determining the timeliness of plaintiff's EEOC charge, the EEOC would be deemed to have received this charge within 180 days of the last alleged violation.

      Defendants further argue that even if the DFEH-EEOC agreement generally renders a complaint to the DFEH a constructive filing with the EEOC, there is yet another question to be considered. Defendants contend that plaintiff requested an immediate right-to-sue notice after filing his complaint to the DFEH. Def.'s Supp. RJN, Ex. A (plaintiff's complaint to the DFEH in which plaintiff requests a right-to-sue notice). Defendants aver that the DFEH complaint form that plaintiff signed and filed with the DFEH notifies complainants that in order for them to obtain a federal right-to-sue notice, they must file a separate complaint with the EEOC. Id. Additionally, defendants assert that plaintiff received a right-to-sue notice from the DFEH. Id., Ex. B. Furthermore, defendants assert that the DFEH's "right-to-sue notice" instructions state, "[i]f you receive an immediate DFEH 'right-to-sue notice,' your complaint *will not be dual filed by DFEH with the [EEOC]. DFEH complaints may be dual-filed with the EEOC only if DFEH accepts the complaint for investigation.*" Id., Ex. C (emphasis in the original).

      Defendants maintain that these instructions are consistent with 29 C.F.R.    § 1601.13(b)(2)(ii). This statute provides that when a party presents a charge to a FEP agency but does not request that the charge be presented to the EEOC, and when the FEP agency proceedings have terminated, the charge may be timely filed with the EEOC within 30 days of his receipt of the notice that the FEP agency proceedings have been terminated, or within 300 days of the alleged violation, whichever is earlier.

      Defendants argue that because plaintiff received a right-to-sue notice from the DFEH, the DFEH did not file his charge with the EEOC. Thus, defendants maintain, because plaintiff received an immediate right-to-sue notice, the charge that he filed with the DFEH was not a constructive filing with the EEOC, the DFEH-EEOC agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

notwithstanding.[5]

To the extent that plaintiff was on notice that his request for a right-to-sue notice from the DFEH did not constitute a request for a right-to-sue notice from the EEOC, this is not pertinent to whether the filing of plaintiff's charge with the DFEH was a constructive filing with the EEOC for the purposes of § 2000e-5(e)(1). Moreover, the Ninth Circuit has observed that for the purposes of determining whether a charge filed with a FEP agency has been constructively filed with the EEOC, it is irrelevant whether the state agency actually forwarded the charge to the EEOC or whether it erroneously began investigating a charge that should have been forwarded to the EEOC. Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1176 (9th Cir. 1999). Therefore, even if the DFEH did not forward plaintiff's charge to the EEOC when plaintiff requested and received an immediate right-to-sue notice from the DFEH, plaintiff's complaint to the DFEH would still be deemed a constructive filing with the EEOC by virtue of the constructive filing arrangement between these agencies, which the DFEH-EEOC agreement created.[6]

29 C.F.R. § 1601.13(b)(2)(ii) does not change this analysis. Nothing in § 1601.13(b)(2)(ii), or in any other regulation identified by defendants or the Court, supports defendants' argument that plaintiff's receipt of a DFEH right-to-sue notice

---

[5] Plaintiff responds with reference to yet another document, a "notice to complainant and respondent," issued by the DFEH and dated April 3, 2007. Pl.'s Supp. RJN, Ex. A. This document states that the EEOC referred a complaint filed by plaintiff, EEOC complaint number 480-2007-01655, to the DFEH. Because this document states that the "EEOC will be responsible for the processing of this complaint," plaintiff argues that this notice constitutes an "admission" from the DFEH that the EEOC has jurisdiction over plaintiff's ADA and ADEA charges. Id. Even if the quoted language amounted to such an admission from the DFEH, this would not advance plaintiff's position because the DFEH does not determine whether or not plaintiff's complaint to the EEOC was timely filed.

[6] Plaintiff argues that the DFEH "right-to-sue" instructions referenced by defendant have no effect because, as defendant maintains, the DFEH lacks jurisdiction over plaintiff's discrimination charges. The Court does not find this argument persuasive.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

prevented his complaint from being constructively filed with the EEOC.  There is no indication that this regulation restricts the extent to which worksharing agreements may provide for constructive filing arrangements between the EEOC and applicable state agencies, either when a complainant requests an immediate right-to-sue notice, or in any other situation.  Accordingly, the Court finds and concludes that even if 29 C.F.R. § 1601.13(b)(2)(ii) applies in this situation, plaintiff's complaint was filed with the EEOC within the 30-day deadline set forth in this provision because his filing with the DFEH was a constructive filing with the EEOC.

Therefore, plaintiff timely filed his disability discrimination charge with the EEOC.  Defendants' motion to dismiss plaintiff's claim for disability discrimination is DENIED.

### B. Plaintiff's Claim for Age Discrimination in Violation of the ADEA

For present purposes, claims arising under the ADEA and the ADA share the same exhaustion requirements.  Both the ADEA and the ADA require the exhaustion of administrative remedies prior to filing a lawsuit alleging discrimination.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d).  Additionally, the ADEA, like the ADA, requires a claimant to file a complaint with the EEOC within 180 days of the last alleged violation, unless the charge is first filed with the appropriate state agency, in which case the deadline is extended to 300 days.  29 U.S.C. § 626(d).

In the complaint plaintiff filed with the DFEH, plaintiff did not allege against Salvation Army a charge for discrimination based on age.  Removal Notice, Ex. A.  Plaintiff first alleged a charge for age discrimination when he filed his complaint with the EEOC, wherein he alleged that Salvation Army discriminated against him on the basis of both age and disability.  Id.  Unlike his charge for disability discrimination, therefore, plaintiff did not constructively file the age discrimination charge with the EEOC within 180 days of his employment termination.  Plaintiff argues, however, that even if the filing of his charge age discrimination was untimely, under the doctrines of equitable tolling and equitable estoppel, the ADEA claim should not be precluded.

The Ninth Circuit has recognized that the limitations period of § 626(d)(2) may be modified through equitable tolling or equitable estoppel.  Funk v. Sperry Corp., 842 F.2d 1129, 1134 (9th Cir. 1988).  The doctrine of equitable tolling focuses on the "plaintiff's

Case 2:07-cv-05249-CAS-CW   Document 26   Filed 11/27/07   Page 12 of 16   Page ID #:35

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

excusable ignorance of the limitations period" and on the "lack of prejudice to the defendant." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995); see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982) (holding that compliance the filing period is not a jurisdictional prerequisite to filing a Title VII suit, but is subject to tolling when equity so requires); Stevens v. Sec'y of the Dep't of Health and Human Servs., 31 Fed. Cl. 12, 23 (1994) ("The doctrine of equitable tolling allows a plaintiff to avoid a statute of limitations if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim.").

By contrast, the doctrine of equitable estoppel focuses on the defendant's actions in preventing a plaintiff from filing suit. O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006). "A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including: (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." Id.

Plaintiff asserts that he initially believed that the sole basis for his termination was discrimination based on his disability. Pl.'s Opp. at 15. Plaintiff further asserts that "shortly before" he filed the charge with the EEOC, he learned of the factual basis for his discrimination claim, *viz.*, that Salvation Army had replaced plaintiff with a "younger employee with equal or lesser qualifications." FAC at ¶ 18; Pl.'s Opp. at 14. Plaintiff also asserts that Salvation Army did not tell him that he was terminated because of his age and that after his termination, plaintiff was out of contact with defendants and unable to obtain information about his replacement. Pl.'s Opp. at 15. Plaintiff argues that once he learned of the basis for the claim of age discrimination, he acted in good faith and with due diligence in pursuing this claim. Accordingly, plaintiff argues that equitable tolling should excuse the tardiness of the filing of the age discrimination charge with the EEOC.

Additionally, plaintiff asserts that Salvation Army concealed from plaintiff the actual reasons why it changed his job description to include tasks that he was incapable of performing due to his physical limitations. Id. at 16. Plaintiff argues Salvation Army thereby prevented plaintiff from discovering that his termination was due to age discrimination. Thus, plaintiff maintains that defendants are equitably estopped from arguing that plaintiff's claim for age discrimination is barred because plaintiff did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

timely file with the EEOC.

Plaintiff's invocation of the doctrines of equitable tolling and equitable estoppel is predicated on facts asserted in plaintiff's opposition to the instant motion that are unsupported by a signed declaration, and that are absent from the FAC. Moreover, even were the Court to consider these facts in ruling on the instant motion, they do not establish that either doctrine is applicable here. While plaintiff states that he discovered the factual basis for his age discrimination claim "shortly before" he filed his charge with the EEOC and that he acted with "due diligence" in pursuing this claim, lacking more specific information, the Court is unable to assess the merits of these assertions. Similarly, while plaintiff asserts in conclusory fashion that Salvation Army concealed from him the actual reasons for his termination, plaintiff adduces no facts to support this contention.

For these reasons, and on the present record, the Court does not find that the doctrines of equitable tolling or equitable estoppel excuse plaintiff's late filing with the EEOC. Therefore, the Court GRANTS defendants' motion to dismiss plaintiff's claim for age discrimination in violation of the ADEA with leave to amend.

### C. Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants argue that plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because it is duplicative of and superfluous to plaintiff's claim for breach of an implied employment contract.

Defendants rely on Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371(1990). In Careau, the court stated that to assert a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must present allegations showing "that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted . . . by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." Id. at 1395. The court stated that where allegations of a claim for breach of the implied covenant of good faith and fair dealing "do not go beyond the statement of a mere contract breach and, relying on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." Id. at 1395; see also Bionghi v. Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999) (affirming summary adjudication on cause of action for breach of the implied covenant that was duplicative of the cause of action for breach of contract).

Here, defendants argue, plaintiff's claim for breach of the implied covenant of good faith and fair dealing flows from defendants' alleged breach of employment contract, and that this claim lacks any independent basis. Therefore, defendants contend, this claim should be dismissed as duplicative.

Plaintiff responds that these claims are not duplicative because they are based on separate sets of allegations. Plaintiff argues that the claim for breach of the implied covenant of good faith and fair dealing is based, not on his allegedly wrongful employment termination, but instead on the allegations that his discharge was procedurally improper and that he was wrongfully denied the opportunity to perform the services for which he was hired. Thus, plaintiff contends that there is no basis for dismissing this claim.

At this early stage of the litigation, prior to the commencement of discovery, the Court is unable to evaluate completely the nature of plaintiff's factual allegations as they bear on the two claims that defendants argue are duplicative. While there appears to be some overlap between plaintiff's claim for breach of the implied covenant and the claim for breach of employment contract, at this time, the Court declines to find as a matter of law that the former claim is duplicative of the latter one. Defendants' argument is more properly raised at the summary judgment stage. Accordingly, the Court DENIES defendants' motion to dismiss this claim.

**D.     Plaintiff's Claim for Intentional Infliction of Emotional Distress**

The elements of a prima facie claim for intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982). To be outrageous, the conduct must be "so

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

Defendants argue that plaintiff's claim for intentional infliction of emotional distress is barred because it is based on personnel management activity, which, according to defendants, is insufficiently outrageous to support this claim, as a matter of law. Defendants cite Buscemi v. McDonnell Douglas Corp., 736 F.2d 1348, 1351-2 (9th Cir.1984). In Buscemi, the plaintiff alleged a claim of intentional infliction of emotional distress against his former employer, asserting that he had been fired on a pretext and that he suffered emotional distress as a result of "the callous and insensitive manner of his termination." Id. at 1352. The court found, however, that the gravamen of the plaintiff's claim was that he had been wrongfully discharged and that he suffered emotional distress as a result. The court held that these allegations were inadequate to state a claim for intentional infliction of emotional distress. Id.

Like in Buscemi, defendants maintain, because plaintiff's allegations essentially relate to defendants' management decisions with respect to personnel and his allegedly wrongful termination, plaintiff has failed to state a claim for intentional infliction of emotional distress. See also Trerice v. Blue Cross of Cal., 209 Cal. App. 3d 878, 883-84 (1989) (employer's conduct in replacing the plaintiff's termination package with an inferior one, telling plaintiff that her position would soon be eliminated, and "forcing" her to work under less favorable conditions was not outrageous as a matter of law); Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 80 (1996) ("A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged. If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination.").

Buscemi and the other cases cited by defendants are distinguishable. The FAC alleges that a Salvation Army representatives told plaintiff that Salvation Army was looking forward to his return from medical leave, that plaintiff could have his old job back, and that his physical limitations would be accommodated. FAC at ¶¶ 10, 11. The FAC alleges that despite these representations, when plaintiff returned to work, defendants assigned plaintiff to a position without regard to plaintiff's physical limitations, and then fired him "summarily and without warning." FAC at ¶ 10, 66. The FAC further alleges that this conduct occurred "outside the normal scope of the employment relationship" and went "beyond that of normal management or business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-5249 CAS (CWx) | Date | November 27, 2007 |
|---|---|---|---|
| Title | THOMAS R. HAUSE v. THE SALVATION ARMY; ET AL. | | |

practices." Id. at ¶¶ 64, 67. Additionally, the FAC alleges that defendants intended to cause plaintiff severe emotional distress by their actions. Id. at ¶ 65. Based on these allegations and viewing them in the light most favorable to plaintiff, plaintiff has not failed to plead that defendants' conduct was outrageous as a matter of law. Were these allegations eventually supported by evidence gathered during discovery, a reasonable jury might conclude that plaintiff was lured back to work on false pretenses, mistreated at his job, and eventually fired by defendants. On these allegations, a reasonable jury could find that plaintiff's alleged mistreatment was not part and parcel of the employment relationship or of the termination thereof and that their conduct was sufficiently attenuated from defendants' regular business and management practices so as to constitute outrageous behavior. See Gibson v. Am. Airlines, 1996 WL 329632, *4 (N.D. Cal. 1996) ("where a fundamental interest of the employee [here, the employee's right to medical leave] is violated in a deceptive manner that results in the plaintiff being denied rights granted to other employees, a case for intentional infliction of emotional distress may lie.").

Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's claim for intentional infliction of emotional distress.

## V.     CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's claim for age discrimination in violation of the ADEA with leave to amend. The Court DENIES defendants' motion to dismiss plaintiff's claims for disability discrimination, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |